UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BRIAN MUDFORD,

     Plaintiff,                   Civil Action No. 16-10104
                                        Honorable Matthew F. Leitman
v.                                 Magistrate Judge Elizabeth A. Stafford

ELWOOD BROWN, EDWARD
MESSING, PROFESSIONAL
COUNSELING CENTER, PC,
and KARMEN McMILLAN,

     Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS ELWOOD BROWN, EDWARD MESSING,
PROFESSIONAL COUNSELING CENTER, PC, and KARMEN
McMILLAN'S MOTIONS FOR SUMMARY JUDGMENT [ECF No. 10, 11]**

## I.   INTRODUCTION

Plaintiff Scott Brian Mudford brings this action pursuant to 42 U.S.C.

§ 1983, alleging various constitutional violations against the Honorable

Elwood Brown, a state court judge in St. Clair County, Michigan; Edward

Messing, Deputy Friend of the Court for St. Clair County; Professional

Counseling Center, PC ("PCC"); and Karmen McMillan, a social worker

under the employ of PCC.[1]  Mudford alleges that Messing negligently

_____

[1] The Honorable Matthew F. Leitman referred this matter for report and
recommendation on dispositive matters. [ECF No. 2].

allowed McMillan and PCC to author a discriminatory investigation and report (the "Parenting Time Assessment" or "PTA") without Mudford's participation and in violation of his due process. [ECF No. 1, PageID 1-4]. This report was then provided to Judge Brown, who he accuses of issuing orders in a custody matter that deprived him of his constitutional right to parent, to his self-preservation, and to bear arms. [*Id.*]. For the following reasons, the defendants are entitled to summary judgment based on immunities that Mudford's allegations cannot overcome. Thus, the Court **RECOMMENDS** that defendants' motions for summary judgment [ECF No. 10, 11] be **GRANTED**, and that Mudford's claims be **DISMISSED WITH PREJUDICE**.

## II.   ANALYSIS

### A.

Federal Rule of Civil Procedure 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its

2

motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

**B.**

Mudford alleges that Messing contracted with McMillan and PCC to conduct an investigation and to make a report that would be incorporated into the Friend of the Court's recommendation to Judge Brown regarding custody of the minor children. [ECF No. 1, PageID 2]. According to

3

Mudford, the report authored by McMillan was incomplete and discriminatory, but was given great deference by Judge Brown, causing Mudford damages. [*Id.*, PageID 3-4]. The record demonstrates that McMillan and PCC completed the parenting time assessment at issue pursuant to Judge Brown's order and the Friend of the Court's referral for the purpose of allowing Judge Brown to assess the motion to modify parenting time that had been filed by the minor children's mother. [ECF No. 10-2; ECF No. 10-3; *see also* parenting time assessment at ECF No. 10-4].

McMillian and PCC cite Michigan case law stating that quasi-judicial immunity shields witnesses like them from liability arising out of their testimony and evaluations. [ECF No. 10, PageID 52, citing *Maiden v. Rozwood*, 461 Mich. 109 (1999), and *Martin v. Children's Aid Society*, 215 Mich. App. 88 (1996)]. But "in proceedings based on a federal statute," such as Section 1983, "federal common law defines the scope of witness immunity." *Lewis v. Drouillard*, 704 F. Supp. 2d 673, 686 (E.D. Mich. 2010), *amended on denial of reconsideration,* No. 09-11059, 2010 WL 3464308 (E.D. Mich. Aug. 30, 2010). Under federal law, the scope of immunity for social workers is akin to that of prosecutorial immunity. *Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000). "[A]bsolute immunity extends to social workers only when they are acting in the capacity of *legal*

4

*advocates.*"  *Id.* at 776 (emphasis in original).  "[S]ocial workers who initiate

proceedings related to the welfare of a child are entitled to absolute

immunity while functioning in roles intimately associated with the judicial

phase of proceedings," even when the commit unintentional errors.  *Rippy*

*ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir. 2001)

Mudford's allegations are similar to those in *Rippy*; social workers

were accused of conducting a flawed investigation and making erroneous

allegations in a petition to remove a minor from his parents' custody.  270

F.3d at 421.  The court found that the social workers were absolutely

immune with respect to claims arising out of their investigations and

recommendations associated with the judicial proceedings even though

they had committed errors.  *Id.* at 422-23.  Here, the same result is

warranted; even if McMillan and PCC's investigation was flawed and even

if the parenting time assessment contained errors, their actions were

intimately related to a judicial proceeding, and they are therefore entitled to

absolute immunity against all claims in this matter.

## C.

Judge Brown contends that he is entitled to judicial immunity for

his alleged actions.  "State judges enjoy absolute immunity from

federal damage suits for acts performed in their judicial capacities,

5

except for acts done in the clear absence of jurisdiction." *Schultz v. City of Wyoming*, No. 1:15-CV-940, 2016 WL 7486275, at *4 (W.D. Mich. Dec. 30, 2016) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Alkire v. Irving*, 305 F.3d 456, 469 (6th Cir. 2002)).  It is essentially a two-part test, requiring that the judge's actions be taken in a judicial capacity, and that there is no clear absence of jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Here, both prongs are clearly satisfied.  Judge Brown handed down the orders at issue while acting in an unquestionably judicial capacity.  And though Mudford contends that Judge Brown was acting outside of his jurisdiction, [ECF No. 1, PageID 2], his arguments are actually that Judge Brown erred in ruling that Mudford had to lock up his firearms when with his children, and that his children could not have contact with his girlfriend.  [ECF No. 13-1, PageID 176-77].  "But judges presiding over courts of general jurisdiction are absolutely immune from suits for damages even if they act erroneously, corruptly or in excess of jurisdiction." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985)

Mudford argues that judicial immunity is not a bar to the injunctive relief that he seeks, citing *Pulliam v. Allen*, 466 U.S. 522 (1984).  Despite

6

acknowledging the 1996 amendment to Section 1983 that abrogated the holding in *Pulliam,* [ECF No. 13-1, PageID 176], and even quoting the relevant language from the amended text, [*Id.*, PageID 180], he still contends that his suit is not barred.  In relevant part, Section 1983 now states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  To the extent that Mudford seeks declaratory relief in federal court for state-court rulings, this constitutes a direct attack on a prior state court judgment, which is barred by the *Rooker—Feldman* doctrine. *See Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 285 (2005).

Mudford is without an avenue for relief in this Court for Judge Brown's decisions, and Judge Brown's motion for summary judgment should be granted.

**D.**

Messing, the Deputy Friend of the Court, contends that he is entitled to quasi-judicial immunity, which applies to officials who are sued in their individual or personal capacities.  *Alkire v. Irving*, 330 F.3d 802, 810-11 (6th Cir. 2003).  "[A]bsolute judicial immunity has been extended to non-judicial

7

officers who perform 'quasi-judicial' duties.  Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citations omitted) (finding that quasi-judicial immunity applied to a probate court administrator while he carried out orders of the court).  Courts must use a "functional" approach to determine whether quasi-judicial immunity applies, looking "to the nature of the function performed, not the identity of the actor who performed it." *Id.*  (citations and internal quotation marks omitted). Quasi-judicial immunity applies to judicial employees' performance of their duties "[w]hether or not they committed any errors...." *Wojnicz v. Davis*, 80 Fed. Appx. 382, 384 (6th Cir. 2003).

Under Michigan law, the Friend of the Court is an employee of the circuit court whose duties are performed under the direction and supervision of the chief judge.  M.C.L. § 552.503(4) and (5).  In child custody disputes, the Friend of the Court is tasked with investigating relevant facts and making a report and recommendation to the court, which may include reports and evaluations by outside agencies.  M.C.L. § 552.505(g). Courts in this circuit have determined that officials acting pursuant to the Friend of the Court Act enjoy quasi-judicial immunity.  *See*

8

*Trowbridge v. Cty. of Eaton*, No. 1:05-CV-770, 2006 WL 1997390, at \*4 (W.D. Mich. July 14, 2006) (collecting cases).  Mudford seeks to hold Messing liable for improper training and supervision of PCC and McMillan, as well as allowing their allegedly incomplete and biased report to be submitted to Judge Brown.  [ECF No. 13-1, PageID 181].  These allegations relate to actions Messing allegedly took within the scope of his official duties, and thus absolute, quasi-judicial immunity applies. *Trowbridge*, 2006 WL 1997390 at 4.

## IV.    CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment [ECF No. 10, 11] should be **GRANTED**, and Mudford's claims should be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 20, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

9

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 20, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager